JAMES E. HORTON, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

*The mileage-book statute is constitutional — condition that it be used only on "journeys wholly within the State of New York."*

Chapter 1027 of the Laws of 1895, as amended by chapter 835 of the Laws of 1896, which requires railroad corporations to issue mileage books at the rate of two cents per mile, entitling the holder or any member of his family to travel on the line or lines of such railroad, is constitutional so far as it relates to railroad companies incorporated in the State of New York after the passage of the act.

Where the holder of a mileage book, issued by a railroad company which is subject to the provisions of the act, boards one of its trains at Lackawaxen, Penn., and pays the regular fare from there to Narrowsburg, N. Y., and upon arriving at that place tenders coupons from his mileage book in payment of his fare from Narrowsburg to Cochecton, N. Y., a regular station at which the train stops and which is distant nine miles from Narrowsburg, the territory between the two stations being wholly within the State of New York, it is the duty of the conductor to accept such coupons, notwithstanding that the mileage book contains a provision that it will be "accepted for transportation only for journeys wholly within the state of New York and will not be accepted for a journey which passes through any portion of another state en route."

*Semble,* that a railroad company has no authority to impose such a condition upon the use of a mileage book, and that the acceptance thereof by the holder is not based upon any consideration.

APPEAL by the plaintiff, James E. Horton, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 21st day of January, 1901, upon the dismissal of the complaint by direction of the court after a trial at the Orange Trial Term.

It appeared upon the trial that the plaintiff boarded the train from which he was ejected at Lackawaxen, Penn., and that he paid the regular fare from that place to Narrowsburgh, N. Y.

*Frank Lybolt*, for the appellant.

*Henry Bacon* [*Joseph Merritt* with him on the brief], for the respondent.

Jenks, J.:

The plaintiff complains and the defendant admits that the defendant was on June 7, 1899, and still is a domestic railroad corporation. Beyond this, there is nothing in the record touching the corporate status of the defendant. *Purdy* v. *Erie R. R. Co.* (162 N. Y. 42) holds that the so-called Mileage Book Act (Laws of 1895, chap. 1027) is constitutional so far as it relates to railroad corporations thereafter incorporated in this State, and that the amendment of that statute by chapter 835 of the Laws of 1896 is constitutional in all cases where the original act could be sustained. As there was no contention that the corporation was not within the purview of the statute raised by the pleadings, and as the record is silent, we must assume that the statute applies.

The statute (as amd. by chap. 577, Laws of 1898), provides that the corporation "shall issue mileage books having either five hundred or one thousand coupons attached thereto, entitling the holder thereof * * * to travel either five hundred or one thousand miles on the line or lines of such railroad, for which the corporation may charge a sum not to exceed two cents per mile. * * * Such books shall be issued immediately upon application therefor. Upon presentation of such mileage book to a conductor on any train on any line of railroad owned or operated by said railroad corporation, the holder thereof or any member of his family * * * shall be entitled to travel for a number of miles equal to the number of coupons detached by such conductor. Such mileage book shall entitle the holder thereof to the same rights and privileges in respect to the transportation of person and property to which the highest class ticket issued by such corporation would entitle him. Such mileage books shall be good until all coupons attached thereto have been used." The plaintiff, who was a traveler on a regular passenger train of the defendant, which stopped at Narrows-burg, New York State, tendered to the conductor thereof a mileage book with sufficient coupons undetached in payment of his fare therefrom to Cochecton, N. Y., a regular station at which that train stopped, and which was distant nine miles from Narrowsburg. The territory between such stations was wholly within the State of New York. The conductor refused to accept such mileage book in payment of such fare, and upon the refusal of the plaintiff to pay his

fare for such trip, ejected him from the train. The complaint in an action for damages, for such ejection, was dismissed at Trial Term on the merits, and the plaintiff appeals from the judgment entered thereupon. The motion for dismissal was based upon the ground that the contract expressed in the mileage book and entered into by the plaintiff when he bought it, states that the book is good for transportation only wholly within the State of New York, and will not be accepted for a journey which passes through any other State or road. This is the principal basis of the contention of the respondent upon this appeal.

The mileage book, when issued, contained certain rules and regulations, as follows: "This five hundred mile book is sold by Erie Railroad Company and purchased and used under and in accordance with the following rules and regulations, viz: 1. * * * 2. It will be accepted for transportation only for journeys wholly within the state of New York and will not be accepted for a journey which passes through any portion of another state en route. The undersigned purchases and accepts this book subject to the above rules and regulations which he or she has read and fully understands and hereby agrees to abide by in all respects." The plaintiff admitted that he subscribed this book when he purchased it. In effect, then, the defendant relies upon a contract which was required of the plaintiff when, under the authority of the statute, he applied for the mileage book. But I can find nothing in the statute which authorized the defendant to prescribe such a contract with the plaintiff or to require the plaintiff to subscribe the same as a condition for its issue. (*Trolan* v. *N. Y. Central & H. R. R. R. Co.*, 31 App. Div. 320, 323.) The statute but provides that such books must be issued upon application, that the charges shall be two cents a mile, and that the holder shall be entitled to travel for a number of miles equal to the number of coupons undetached with the same rights and privileges in respect to transportation of person and property as the highest class ticket would entitle him. Thus the defendant by its contract would limit the statutory duty cast upon it. Not only in my opinion is such a contract in contravention of the statute, but if there be any room for the discussion I can find no sound reason for this regulation in this case beyond the desire to avoid the statute. Conceding,

as the respondent contends, that the legal definition of the journey of the plaintiff was from Lackawaxen, Penn., to Cochecton, N. Y., the mere fact that a part of that journey was outside of the State cannot militate against the plaintiff as to the journey between the two points within the State. The defendant was paid the regular fare between the point in Pennsylvania and the first station within the State of New York, and, therefore, when the plaintiff, within the State of New York, sought to pay for his transportation from a regular station in that State to another regular station therein, he was, so far as the domestic economy of the defendant was concerned, certainly in the same position as a passenger who had begun his journey at the first station in the State of New York. Indeed, the practical effect of the defendant's position would be a discrimination against the " long-haul passenger " in favor of the mere short-haul passenger, for which I can see no sound reason whatever. The construction put upon the contract by the learned counsel for the respondent would discriminate against a passenger like the plaintiff, who arrived at a station in the State of New York by travel upon its own road, and in favor of a passenger who had traveled to such station on the road of another company, and who there sought to continue his journey on the road of the respondent. If, as I have said, the contract contravened the statute, it could not be enforced, (*Trolan* v. *N. Y. Central & H. R. R. R. Co.*, *supra; Corcoran* v. *N. Y. C. & H. R. R. R. Co.*, 25 App. Div. 479; *Seybolt* v. *N. Y. L. E. & W. R. R. Co.*, 95 N. Y. 562, 574; *Seneca County Bank* v. *Lamb*, 26 Barb. 595; *Barton* v. *Port Jackson & Union Falls Plank Road Co.*, 17 id. 405; *Excelsior Grain Binder Co.* v. *Stayner*, 25 Hun, 91. See, too, *Bank of the United States* v. *Owens*, 2 Pet. 527, 538; Endl. Interp. Stat. § 538; *Pratt* v. *Short*, 79 N. Y. 437.) Moreover, there is no consideration for such contract. For the statute required the defendant to carry the plaintiff the number of miles within the State on the defendant's railroad that the coupons unused represented, with all of the rights of a holder of a first-class ticket. And so the promise that the defendant was to do exactly what the statute required, provided the plaintiff would begin his journey in the State of New York, is insufficient as a consideration. (*Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, *supra*, 575.) I have thus far discussed the case on the construc-

tion of the contract made by the defendant. But there is room for a construction in harmony with the purview of the statute (based on the further proposition, which is not up for discussion here, that the statutes of this State, in the language of Allen, J., in *Dike* v. *Erie Railway* [45 N. Y. 113, 118], have " no intrinsic extraterritorial force ") as meaning that the mileage book is available only for travel in the State of New York, and that, therefore, it cannot be used for that part of the trip which passes over the territory of another State. It will be assumed that the defendant did not kick against the statute, nor seek to evade it, but made the rules and regulations in accord with it and in furtherance of it. This was the reading of the plaintiff who admittedly tendered his fare for that part of his route which lay without the State, and only insisted upon his right to use his mileage book from regular station to regular station between which lay the territory of this State. The cases cited by the learned counsel for the respondent may be discriminated; they did not present questions of a contract which contravened the express terms of a statute, but dealt with the reasonableness of rules and regulations for the conduct of the business of the corporation, save one case, where the court held that the contract was entirely within the terms of the statute.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

Goodrich, P. J., Bartlett, Woodward and Hirschberg, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.