(86 App. Div. 379.)

### HORTON v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. CARRIERS—RAILROADS—MILEAGE BOOKS—CONTRACT—CONSTRUCTION.

> The contract in a mileage book issued by a railroad company, providing that it is good only for transportation wholly within the state, and will not be accepted for a trip which passes through another state en route, and will be accepted only for journeys wholly within the state, allows one, when taking a trip from a point within to one without the state, to pay for the part within the state with mileage.

Appeal from Trial Term, Orange County.

Action by James E. Horton against the Erie Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Henry Bacon (Joseph Merritt, on the brief), for appellant.
Frank Lybolt, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a judgment for damages because of a wrongful and unlawful ejection from one of the defendant's passenger trains on June 7, 1899, at Narrowsburg, in this state, in consequence of his attempting to ride from that point to Cochecton, in this state, upon one of the defendant's mileage books issued under chapter 1027, p. 961, of the Laws of 1895, as amended by chapter 835, p. 758, of the Laws of 1896. As the plaintiff concededly boarded the train at Lackawaxen, in the state of Pennsylvania, for the purpose of making a single through trip to Cochecton, the defendant claims that the mileage book was not good even for that part of the trip which was wholly within this state, and that therefore its conductor was justified in putting the plaintiff off the car when he offered only the coupons contained in the mileage book, and refused to pay his fare in cash. The plaintiff paid the fare from Lackawaxen to Narrowsburg, so that the issue relates solely to his right to use the book between the two points named in this state, between which two points the defendant's road lies wholly within this state. The case has been here once before on appeal from a judgment dismissing the complaint by direction of the court. Horton v. Erie Railroad Co., 65 App. Div. 587, 72 N. Y. Supp. 1018.

The plaintiff claimed upon this, the second, trial, that in consequence of the refusal of the conductor to accept the mileage book, which refusal was made known to him shortly after leaving Lackawaxen, he changed his mind about continuing the journey to Cochecton, and decided to get off the train at Narrowsburg, to transact some business with a customer living there who chanced to be on the train, and perhaps to stay all night with him. He further stated that he did get off the train at Narrowsburg, with his baggage, and had some conversation with his customer during the 10 minutes the train lay there, afterwards changing his mind again about his destination that night, and deciding to go to Cochecton from there as a new and independent journey. The case was submitted to the jury under instructions to find in the plaintiff's favor, only upon an adoption by them of this story of the severance of the journey as having been established in absolute good faith. When the plaintiff boarded the train at Narrowsburg, he again offered the mileage book to the conductor. The conductor refused to accept it, and the following ensued, according to the plaintiff's evidence, viz.:

"I asked him if Narrowsburg was in the state of New York. He said, 'It is.' And I asked if Cochecton was in the state of New York, and he said, 'It is.' I asked why it was not good from Narrowsburg to Cochecton, and he said, 'You boarded the train at Lackawaxen. Will you pay the cash fare?' and I said 'No, sir.' He said, 'Will you get off the train?' and I said, 'No, sir.' He then said, 'I will have to put you off.' And I said if there was any getting off the train to be done he would have to put me off. I refused to pay the cash fare. He laid his hands on me, took me by the arm, and led me off."

It is noticeable that the plaintiff does not claim that he informed the conductor of his alleged change of purpose as to the continuity of his journey, although the conductor was the official in charge of the train from the commencement of the trip at Lackawaxen. Under these circumstances, the learned counsel for the appellant claim that the plaintiff's statement that he did in good faith terminate his journey at Narrowsburg and commence a new one is so far refuted by the other testimony in the case as to leave not even a scintilla of evidence in its favor, and consequently to leave the judgment wholly unsupported.

In the view taken of the contract embodied in the mileage book, it seems unnecessary to examine that question, for it seems clear to me that the plaintiff was entitled to use the book in payment of his fare from Narrowsburg to Cochecton on a continuous and unbroken journey from Lackawaxen to the latter point. The language of the contract, so far as material, is as follows:

"This book is good only for transportation wholly within the state of New York, and will not be accepted for a trip which passes through any portion of another state en route. * * * It will be accepted for transportation only for journeys wholly within the state of New York, and will not be accepted for a journey which passes through any portion of another state en route."

The plain assurance of these two sentences is that the book *is good* for transportation within the state, and that it *will be accepted* for such transportation, the only qualification being that it will not be accepted for "a trip" or for "a journey" (that is, on the face of the

contract, an entire trip or an entire journey) which passes through any portion of another state. The object of the condition is manifest. The defendant operates lines which traverse several states, and the use of the book was to be limited to the state whose legislation had called it into being. The limitation was a necessary precaution distinctly informing passengers that the book could not be used out of the state, or for any portion of a trip out of the state; but the appellant endeavors to incorporate into the contract the idea that the limitation is designed to prevent its use even in the state for a trip *any part of which* passes through any portion of another state. In this view, the words which I have underscored will have to be read into the contract to support the appellant's contention. Such contention was clearly expressed on the trial in the defendant's motion to dismiss the complaint at the close of the plaintiff's case, the counsel then saying, "We say this clearly was a trip which he intended to take from Lackawaxen to Cochecton, Pennsylvania to New York, and that he could not use that ticket for that trip *or any part of it.*" That he (meaning the plaintiff) could not use that ticket (meaning the book) for *that trip* is expressed in the contract, but that he couldn't use it for *any part of that trip* is not therein expressed at all, but, on the contrary, is repugnant to the assurance that the book is good and will be accepted *for transportation in the state of New York*, which assurance is only qualified by the statement that, if the journey is partly in the state of New York and partly out of it, the book will not be accepted for that journey. In short, the effect of adopting the defendant's contention would be to make the contract read that the book would not only not be accepted for a trip which passes through any portion of another state, but would also not be accepted for any portion of such trip, not even for that portion of it which was wholly within the state of New York. There is no authority for incorporating so drastic an additional provision into the contract. The book was not offered by the plaintiff for his journey from Lackawaxen to Cochecton, but was offered for that purpose in connection with a ticket regularly purchased by him for the part of the trip from Lackawaxen to Narrowsburg. In other words, it was offered only for the part of the journey from Narrowsburg to Cochecton, and, in the absence of a provision that it was not good for the New York State part of an entire trip which included other state territory, was clearly good and acceptable in accordance with its terms for the New York part. Any other construction would tend to render the contract violative of the statute under which the book was issued. This was pointed out by Mr. Justice Jenks on the first appeal. The defendant has amended its answer since in support of a claim that, as the successor of a prior railroad corporation having the general right to fix its charges for transportation, the statute in question is not binding upon it; but the Court of Appeals has since this trial decided otherwise in Minor v. Erie R. R. Co., 171 N. Y. 566, 64 N. E. 454.

The other points raised by the appellant have been examined, and none found to justify interference with the result.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.