### SWING v. DAYTON.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. INSURANCE—CONTRACT—WHAT LAW GOVERNS.

Where a contract of insurance was solicited in Pennsylvania of a citizen of that state, mailed to him from Ohio, where it was executed by the insurance company, and an acceptance of the contract was signed by him in Pennsylvania, the contract was made in Pennsylvania.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 173–175.]

2. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS WITHOUT CERTIFICATE.

Where an Ohio insurance company made a contract in Pennsylvania without a certificate of authority from the proper officer, as required by a Pennsylvania statute making it a crime for a foreign insurance company to do business without complying with the act, and the courts of Pennsylvania refuse to enforce the contract, it will not be enforced in New York.

Appeal from Special Term, Chemung County.

Action by James B. Swing, as trustee for the creditors of the Ohio Mutual Fire Insurance Company, against George A. Dayton. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

E. G. Herendeen, for appellant.
H. H. Rockwell, for respondent.

COCHRANE, J. The plaintiff, as trustee for the creditors of a dissolved Ohio mutual fire insurance company, brings this action against

a citizen of Pennsylvania to recover an assessment decreed by the Ohio courts against him as a member of such company. The defendant's insurance, by virtue of which he became a member of said company, was first solicited of him in the state of his residence by a. representative of the company, who personally visited him for that. purpose. No arrangement was made with this representative, but. the subsequent parts of the transaction were conducted by correspondence between the defendant at his Pennsylvania residence and the Ohio. company. The company on August 6, 1888, mailed to the defendant what it called a "Lloyd binding certificate," which recited that it became upon its acceptance by said assured a mutual agreement, etc.; that it was issued temporarily, and would be exchanged for the policy of the company October 1, 1888. The reason for the certificate seems. to have been that the company was not yet fully authorized to issue policies. Thereafter, on September 1st, the company again mailed to defendant an indorsement to attach to said certificate, with a return portion, to be returned to itself, which recited that it had all the force and effect of, and was equally binding as, the policy of the company; that it was issued and accepted temporarily only; that it would be exchanged for the policy of the company on October 1, 1888; and contained the following clause:

"And the same is hereby accepted by the undersigned, the assured therein. named, G. A. Dayton."

This was signed by the defendant in Pennsylvania and returned by mail to the company. October 5th the company mailed to the defendant the policy to be exchanged for the above-mentioned certificate,. and requested that the defendant return said certificate, which he did. by mail at his residence after there receiving the policy. The trial court has found as facts that the defendant received and accepted the certificate and received and accepted the policy in Pennsylvania, and that he there exchanged the certificate and policy, and that the "contract of insurance was solicited, made, and entered into in the state of Pennsylvania." I think such findings are sustained by the evidence. In South Bay Company v. Howey, 113 App. Div. 385, 98 N. Y. Supp. 909, it is held that a contract of insurance is made within the state where the policy is delivered, and not where it is executed, when it is. executed and delivered in different states. The facts in this case are stronger than necessary to bring it within that decision.

By the statute law of Pennsylvania an insurance company of another state is prohibited from doing business in the former state without a certificate of authority from the proper officer. This company never complied with that law. The statute makes it unlawful for any person, company, or corporation "in any manner to aid in the transaction of business insurance without complying fully with the provisions of this act"; and the violation of the act is made a crime. This same plaintiff brought a similar action against one Munson in Pennsylvania,. and was defeated. On appeal the judgment was affirmed. See Swing,. as Trustee, etc., v. Munson, 191 Pa. 582, 43 Atl. 342, 58 L. R. A. 222, 71 Am. St. Rep. 772. The courts of that state refuse to lend. their aid to enforce the contract, because it was made in contravention.

·of its statutes and involves the commission of a crime. The general rule in this state is that illegal and prohibited contracts are void, with-·out being so expressly declared by statute. Barton & Woodworth v. Port Jackson & Union Falls Plank Road Company, 17 Barb. 397; Oneida Bank v. Ontario Bank, 21 N. Y. 495; Horton v. Erie Railroad Company, 65 App. Div. 590, 72 N. Y. Supp. 1018. There are ex-·ceptions to this rule; but this case does not fall within the exceptions. This contract, having been made in Pennsylvania with a citizen of that state and in contravention of the laws of that state, and being for that reason unenforceable in the courts of that state, should not be enforced in this state.

The judgment should be affirmed, with costs. All concur.