(139 App. Div. 627.)

### SWING v. WANAMAKER.

(Supreme Court, Appellate Division, First Department.   July 7, 1910.)

1. INSURANCE (§ 49*)—DECREE OF DISSOLUTION—ASSESSMENTS.

A decree of the court dissolving a domestic insurance company, appointing a receiver, and levying an assessment on policy holders, is not conclusive on the question of the liability of a nonresident policy holder not a party to the record, but is conclusive on the question of the necessity for making an assessment and the amount thereof.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 49.*]

2. INSURANCE (§ 24*)—POLICY—CONSTRUCTION—VALIDITY.

A policy negotiated in Pennsylvania, and delivered there to a resident, by an Ohio insurance company, is within Act Pa. April 4, 1873 (P. L. 20), and Act Pa. April 26, 1887 (P. L. 61), prohibiting insurance by any foreign insurance company which has not been authorized to do business in the state, and the policy will not be enforced by the courts of New York, where the Ohio corporation had not complied with the laws of Pennsylvania.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 28–32; Dec. Dig. § 24.*]

3. STATUTES (§ 281*)—PLEADING FOREIGN STATUTES.

A pleading alleging that an insurance policy, issued by an Ohio insurance company to a resident of Pennsylvania, is void for the failure of the company to comply with Act Pa. April 4, 1873 (P. L. 20), Act Pa. May 1, 1876 (P. L. 53), Act Pa. June 20, 1883 (P. L. 134), and Act Pa. April 26, 1887 (P. L. 61), and that the company has never complied with any of the requirements of the several statutes obligatory on foreign insurance companies transacting business in Pennsylvania, sufficiently pleads the statutes of Pennsylvania.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 380, 381; Dec. Dig. § 281.*]

4. TRIAL (§ 400*)—FINDINGS—CORRECTION BY TRIAL COURT.

A trial justice, who by a palpable inadvertence found as a fact that which had never been admitted by the pleadings or proved, may correct the mistake after judgment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 949, 950; Dec. Dig. § 400.*]

Appeal from Trial Term, New York County.

Action by James B. Swing, as trustee of the creditors and stockholders of the Union Mutual Fire Insurance Company of Cincinnati, against John Wanamaker. From a judgment dismissing the complaint, and from an order correcting a finding of fact, plaintiff appeals. Affirmed.

See, also, 123 N. Y. Supp. 1143.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George Ryall, for appellant.
Richard Ely, for respondent.

SCOTT, J.   Plaintiff appeals from a judgment dismissing his complaint, and from an order, made after the entry of judgment, amending the decision by striking out a finding of fact.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff sues as the trustee for the creditors and stockholders of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, appointed by the Supreme Court of Ohio in an action brought by the Attorney General of that state to dissolve said company. The defendant, a resident of Pennsylvania, was the holder of certain policies issued by said company, covering property in the state of Pennsylvania. These policies were in what is known as the "New York standard" form, were each issued for a cash premium, and were negotiated and delivered in the state of Pennsylvania, although they are claimed to have been, and doubtless were, Ohio contracts. The policies themselves contain no provision for liability on the part of the insured; but his liability is asserted under a statute of the state of Ohio set forth in the complaint, as follows:

"That the contingent mutual liability of its members, for the payment of losses and expenses of such insurance company, shall not be less than three nor more than five annual cash premiums as written in the policy; but such liability shall cease with the expiration of the time for which a cash premium has been paid in advance, except for liability incurred during said time; that every person who effects insurance in a mutual company and continues to be insured, and his heirs, executors, administrators and assigns, shall thereby become members of the company during the period of insurance, and shall be bound to pay for losses and such necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note or contingent liability."

In 1890 a decree was entered in Ohio dissolving the company and appointing plaintiff trustee. In June, 1901, an order was made levying an assessment on all persons liable for the debts of the company to pay its liabilities and the expenses of winding up. The decree, among other things, provided:

"In all cases where persons were policy holders of said company and where no note was given, such persons shall be liable to assessment on a basis of five times their annual premium just as if they had given notes."

It is well settled that this Ohio decree is not conclusive upon defendant as to his liability to pay the assessment. He was not a party to the record, and the decree is conclusive upon him only as to the necessity for making an assessment and its amount (Gt. Western Telegraph Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986; Stone v. Penn Yan Ry. Co., 197 N. Y. 279, 90 N. E. 843), leaving him free to contest his liability whenever asserted. The plaintiff has brought actions similar to this against other policy holders in many jurisdictions, with apparent ill success in the main. In this state, is an action very like the present, also based upon a policy negotiated in Pennsylvania, a judgment against the plaintiff has been affirmed by the Court of Appeals (Swing v. Dayton, 124 App. Div. 58, 108 N. Y. Supp. 155, affirmed on opinion below 196 N. Y. 503, 89 N. E. 1113), and we might well affirm the present judgment upon the authority of that case, except that appellant claims that the force of that decision has been destroyed by the decision of the Court of Appeals in the later case of Stone v. Penn Yan Ry. Co., supra. Swing v. Dayton relied upon the case of Swing v. Munson, 191 Pa. 582, 43 Atl. 342, 58 L. R. A. 223, 71 Am. St. Rep. 772, wherein it

was held that a similar policy to the present was void because negotiated in contravention of the Pennsylvania statutes.　Stone v. Penn Yan Ry. Co. had to do with a case in which the insurance company, a Pennsylvania corporation, had made no attempt to transact business in this state further than to issue a policy in Pennsylvania and mail to the insured in this state.　The Court of Appeals held that the transaction did not violate our statute, which provides that:

"No corporation * * * shall transact the business of insurance within this state without the certificate of the Superintendent of Insurance certifying * * * that such corporation * * * has complied with all the requirements of the law to be observed by such corporation * * * and that such corporation is authorized to transact the business of insurance specified therein in this state."　Laws 1892, c. 690, as amended by Laws 1893, c. 725, § 9.

The whole effect of the decision was that the acts of the insurance company which had issued the policy then under review had not amounted to transacting business in this state.　The Pennsylvania statute is much broader, providing, inter alia, that:

"Any person or persons, or any agent, officer or member of any corporation paying, or receiving or forwarding any premiums, applications for insurance or in any manner securing, helping or aiding in the placing of any insurance, or effecting any contracts of insurance upon property within this commonwealth, directly or indirectly, with any insurance company or association not of this state, and which has not been authorized to do business in this state under the terms of this act, shall be guilty of a misdemeanor."　Act April 4, 1873 (P. L. 20), and Act April 26, 1887 (P. L. 61).

There can be no doubt that the policies upon which this action is based were negotiated in Pennsylvania and fell within the purview of the statute of that state.　Such is the construction placed upon the statute by the Supreme Court of Pennsylvania, which was followed by the Court of Appeals, and which it is our duty to follow.

The appellant objects that the statutes of Pennsylvania were not properly pleaded.　The allegation of the answer in that regard is:

"That any and all contracts or agreements of insurance entered into between the said company and the defendant, as alleged in the complaint, were null and void, and the said company and this plaintiff were and are barred and unable to enforce any agreement made with defendant at the times and places as alleged in said complaint, for the failure of the said Union Mutual Fire Insurance Company to comply with the acts of assembly of the state of Pennsylvania of April 4, 1873, May 1, 1876, June 20, 1883, and April 26, 1887, and alleges that the said Union Mutual Fire Insurance Company at that time, or at any subsequent time, has never complied with any of the requirements of the several statutes of the state of Pennsylvania obligatory on insurance companies of other states seeking to transact business in the state of Pennsylvania."

This form of pleading a foreign statute seems to be　sufficient. Schluter v. Bowery Savings Bank, 117 N. Y. 125, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494; Gleitsmann v. Gleitsmann, 60 App. Div. 371, 70 N. Y. Supp. 1007.　The plaintiff pleaded the statute of Ohio upon which he relies, but did not prove it upon the trial.　He submitted a number of requests to find facts, among which was one finding the Ohio statute as a fact in the case, and this the trial justice, by an evident inadvertence, signed.　After judgment, upon notice,

he made an order striking out the finding. It is undoubtedly. a very delicate thing to strike out from or amend a decision after judgment, but there are cases in which it is permitted to be done.

"They [the trial courts] should not, after the final judgment, by amendment, change a ruling upon the law, or alter the decision upon the merits; for by so doing the substantial rights of the opposite. party would be really affected. But where the amendment is in the line of the correction of a mistake, or of an omission, obviously due, as in this case, to the trial judge's oversight, the power to make it is a general and incidental one." Bohlen v. Met. El. Railway Co., 121 N. Y. 546, 551, 24 N. E. 932, 933.

The present case is clearly one in which it was allowable and proper to make the amendment. The trial justice, by a palpable inadvertence, had been led to find as a fact that which had neither been admitted by the answer nor proven, and his right to correct the mistake is clear. In any event it could make no difference in the result, because, under the view we take of these policies, they were void from the beginning, because they were negotiated in contravention of the Pennsylvania statute, and no provision of the Ohio law could fasten liability upon this defendant based upon a void contract.

Judgment and order affirmed, with costs. All concur.