JESSE STURM, Respondent, *v.* CHARLES TRUBY and Another, Appellants.

Fourth Department, October 2, 1935.

*George W. Holt,* for the appellants.

*Richard H. Wile,* for the respondent.

EDGCOMB, J. This action is brought to recover the unpaid balance of the premiums upon various fire and casualty insurance policies issued to the defendants by different insurance companies through the procurement of the plaintiff, or his assignor, J. & A. Sturm Co., Inc., both of whom are authorized and licensed insurance agents, and which said premiums it is alleged the defendants promised and agreed to pay to the plaintiff or to his assignor.

As an affirmative defense to said cause of action, the defendants allege that, as an inducement to them to purchase said insurance through the plaintiff and his assignor, the plaintiff, acting for himself and as agent of his said assignor, promised and agreed to pay or credit to the defendants certain commissions or refunds on the premiums of such insurance, and that, acting upon and in reliance of such promise and agreement, said policies were issued to the defendants, and the agreed rebates or refunds were allowed and credited by the plaintiff or his assignor upon the premiums charged for such insurance. It is further alleged that said agreement is in violation of the provisions of the Insurance Law of the State of New York, and is illegal and void, and that the plaintiff is consequently deprived of his legal remedy to collect the unpaid premiums on said policies.

Plaintiff moves, under subdivision 6 of rule 109 of the Rules of Civil Practice, to strike out this affirmative defense as insufficient

in law. His motion has been granted at Special Term, and the defendants appeal.

We have reached the conclusion that the new matter which has been stricken out, if proven, would constitute a complete defense to plaintiff's° cause of action. We feel constrained, therefore, to reverse the order, and to deny plaintiff's motion.

The Legislature has spoken in very emphatic terms upon the subject of discriminations and rebates of insurance premiums. Section 65 of the Insurance Law declares that no insurance corporation, officer, agent, solicitor or representative shall directly or indirectly pay or allow to the insured named in the policy, as an inducement to such insurance, any rebate from the premium which is specified in the policy. Any person or corporation who disobeys the mandate of the statute is avowed to be guilty of a misdemeanor, and is made to forfeit to the People of the State the sum of $500.

A contract made in violation of a criminal or prohibitory statute is an unlawful undertaking, and is void and unenforcible, even though one of the parties has enjoyed the benefits of the agreement. The court will not allow itself to become the means of enforcing such an agreement, but will leave the contracting parties where it finds them. (*Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94, 99; *Hart* v. *City Theatres Co.*, 215 id. 322, 330; *Johnston* v. *Dahlgren*, 166 id. 354, 360; *Goodrich* v. *Houghton*, 134 id. 115; *Leonard* v. *Poole*, 114 id. 371; *Hull* v. *Ruggles*, 56 id. 424; *Swing* v. *Dayton*, 124 App. Div. 58; affd., 196 N. Y. 503; *Sirkin* v. *Fourteenth Street Store*, 124 App. Div. 384; *Tench* v. *Lawson*, 225 id. 198, 201; *Accetta* v. *Zupa*, 54 id. 33; *Segal* v. *Chemical Importing & Mfg. Co.*, 205 id. 220, 225.)

In the words of Lord ELDON, " it is quite clear that a court of justice can give no assistance to the enforcement of contracts which the law of the land has interdicted." (*Ex parte Dyster*, 2 Rose Bankr. Cas. 349, 351.)

It is immaterial whether the thing forbidden is *malum in se* or merely *malum prohibitum.* (*Seneca County Bank* v. *Lamb*, 26 Barb. 595, 601.)

It is true that the Insurance Law does not in so many words declare that such a contract shall have no legal force or effect. It is void, nevertheless, although not expressly declared so by the Legislature. (*Swing* v. *Dayton*, 124 App. Div. 58; affd., 196 N. Y. 503; *Barton* v. *Port Jackson & Union Falls Plank Road Co.*, 17 Barb. 397.)

Section 580 of the Restatement of the Law of Contracts, dealing with a contract in violation of a statute, states the rule as follows:

" (1) Any bargain is illegal if either the formation or the performance thereof is prohibited by constitution or statute.

" (2) Legislative intent to prohibit the formation of a bargain, or an act essential for its performance, may be manifested by

" (a) express prohibition, or

" (b) making the formation of the bargain or the performance thereof a crime, or

" (c) imposing a penalty for the formation of the bargain or for doing an act that is essential for the performance thereof."

A criminal statute is a prohibitory one. The very fact that an act is made a crime is in and of itself a prohibition of that act. It could never be intended that a statute should inflict a penalty for a lawful act. (*Griffith* v. *Wells*, 3 Den. 226.)

Quoting from Lord HOLT in *Bartlett* v. *Vinor* (Carth. 251, 252; 90 Eng. Rep. 750), the rule can well be stated thus: " Every contract made for or about any matter or thing which is prohibited and made unlawful by any statute, is a void contract, tho' the statute itself doth not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, tho' there are no prohibitory words in the statute."

The courts refuse to assist a guilty party in the enforcement of an illegal contract, in order to discourage others from violating the law. (*Coverly* v. *Terminal Warehouse Co.*, 85 App. Div. 488; affd., 178 N. Y. 602; *Attridge* v. *Pembroke*, 235 App. Div. 101, 102.)

But the plaintiff urges that the contract between the parties is divisible, and that the good may be separated from the bad, and the legal part of the agreement be enforced and the illegal part thrown in the discard. It is said that, although the plaintiff's promise to rebate a portion of the insurance premiums is ineffective because of its illegality, the stipulation of the defendants to pay the amount of the premiums is a lawful and proper contract, and, being separate and distinct from, and in no way dependent upon the illegal promise, can be enforced.

I think that the two promises are so closely interwoven that they form one and the same contract, and cannot be separated. The agreement of the defendants to pay these premiums was induced, according to the allegations of the answer, by the illegal promise of the plaintiff to rebate and refund a part thereof. Defendants' promise arose out of and is indissolubly linked with plaintiff's illegal bargain. The part of the agreement prohibited by the statute would not be effectual without the agreement of the defendants to pay the premiums, because the illegal promise was to rebate a part of the very premiums which defendants obligated themselves to pay to the plaintiff or his assignor. The promise of the defendants which it is here sought to enforce would never have been made had it not been for plaintiff's illegal bargain. The agreement to pay

the premiums was founded upon the illegal promise to rebate a part thereof, and is tainted with the same illegality. An integral part of the contract being illegal, the whole agreement is void and unenforcible at the hands of the one who deliberately violated the statute, and who has thereby made himself guilty of a misdemeanor. (*Leonard* v. *Poole*, 114 N. Y. 371; *McMullen* v. *Hoffman*, 174 U. S. 639, 653; *Dewitt* v. *Brisbane*, 16 N. Y. 508; *Barton* v. *Port Jackson & Union Falls Plank Road Co.*, 17 Barb. 397; *Coffey* v. *Burke*, 132 App. Div. 128, 133; *Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94; *Sirkin* v. *Fourteenth Street Store*, 124 App. Div. 384; *Gray* v. *Hook*, 4 N. Y. 449; *Rella* v. *National City Bank of New York*, 240 App. Div. 513, 515.)

In the case of *Equitable Life Assurance Society* v. *Wetherill* (127 Fed. 947) we find facts fairly comparable with those in the case at bar, and that decision, while not controlling upon us, would seem to be ample authority for a reversal of the order appealed from in the instant case. That action was brought by one Reilly in the name of the insurance company to recover the first premium on two policies of life insurance issued to the defendant through Reilly & Sherman, general agents of the company. The firm had gone out of business, and Reilly, the equitable plaintiff, had succeeded to all of the firm's rights. The defendant made application through Reilly & Sherman for the insurance in question, and the policy was delivered to him with a receipt for the first premium indorsed thereon. The premium had not been paid by the defendant, but by Reilly, contrary to the statute of the State of Pennsylvania. Although subrogated to the insurer's right to be reimbursed for such payment, the agent was denied a recovery from the defendant upon the theory that the contract of Reilly to pay the first year's premium was illegal and void, notwithstanding the fact that the agreement had been executed, and defendant had had the benefit of the insurance.

The rule that the court will not lend itself to the enforcement of a corrupt and illegal agreement at the instance of the guilty party, even though no damage has resulted therefrom to the other party, is emphasized in *Harrington* v. *Victoria Graving Dock Co.* (3 Q. B. Div. 549). In that case the defendants agreed to pay the plaintiff, an engineer in the employ of a railroad company, a commission for superintending repairs to be made by them on certain of the railroad's ships. Plaintiff at the time was employed by the railroad company to advise them as to the repairs, and the contract between plaintiff and defendant was made in part in consideration of a promise that the plaintiff would use his influence with the railroad company to induce it to accept defendant's bid for the repairs. The

contract was held to be void and unenforcible, notwithstanding 'the fact that the jury had found that the agreement with the defendant, although calculated to bias plaintiff's mind, had not, in fact, done so, and that he had not, by reason of his unconscionable bargain, given less beneficial advice to the railroad as to defendant's bid than he would otherwise have done.

The case of *Sirkin* v. *Fourteenth Street Store* (124 App. Div. 384) would seem by analogy to uphold the decision which we are about to make. In that case plaintiff sold and delivered to the defendant certain goods, wares and merchandise. Without the knowledge or consent of the defendant, the contract or purchase had been induced by plaintiff paying a secret commission to defendant's purchasing agent for placing the order. A judgment was directed for the plaintiff upon the ground that these facts were insufficient as matter of law to constitute a defense to an action brought to recover the purchase price of the merchandise. This was held error. The Penal Code made one who bribed an agent, employee or servant of another, with intent to influence his action in relation to his principal's or master's business, guilty of a misdemeanor, and subjected the offender to a fine or imprisonment. It was held that there could be no recovery of the purchase price of the merchandise sold and delivered, even though the contract had been executed; that public policy forbade the ratification as well as the making of such an agreement. The *Sirkin* case has been cited with approval by the Court of Appeals in several cases, notably *Reiner* v. *North American Newspaper Alliance* (259 N. Y. 250, 261) and *Morgan Munitions Co.* v. *Studebaker Corp.* (226 id. 94, 99).

It is urged that it is highly inequitable to permit these defendants to retain the benefit which they have had growing out of the protection given to them by these various insurance policies, without reimbursing the plaintiff for the premiums he has paid to the companies for their benefit. On the other hand, it might with equal propriety be urged that it would be unfair to allow the plaintiff to escape the binding effect of his agreement to return to the defendants a part of these premiums, because of the illegality of his promise, and to permit him to recover the full amount of such premiums, when he would never have been given this business nor had an opportunity to write any of these policies had it not been for his illegal bargain. In a case of this kind the law will not look at the equities. The parties have deliberately placed themselves in a position where one or the other will inevitably be hurt; their position is one of their own making, and the law will not help them out of their difficulty, but will leave them where they have placed themselves.

If the allegations of the answer which are attacked as insufficient to constitute a defense are true, and for the purposes of this appeal we must assume that they are, the plaintiff is a law breaker. He has no standing in court to enforce any part of his illegal contract.

It is needless to say that we are not passing upon the truth of the allegations of the answer, nor have we intended by anything which we have said to brand any of the parties as violators of the law in advance of a trial of the action. We have taken the answer at its face value, as we must on this appeal. The truth of the allegations must be passed upon after both parties have been heard on the merits.

For the reasons above stated, we think that the parties should be put to their proof, and that the new matter contained in the answer should not be stricken from the pleading. We, therefore, favor a reversal of the order appealed from.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.