## Smith *v.* Constantine, Appellant.

Argued June 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before BONNELLY, J.

*J. Webster Jones,* for appellant.

*Morton S. Powlen,* for appellee.

518

OPINION BY WATKINS, J., September 11, 1958:

This is an appeal from the judgment of the Municipal Court of Philadelphia, dismissing the appellant's motion for judgment n.o.v. and directing judgment to be entered on the directed verdict.

The case arose upon a complaint in assumpsit by the Insurance Commissioner of Pennsylvania, the appellee, in his capacity as the liquidator of Seaboard Mutual Casualty Company, a domestic mutual insurance company, against Fay Constantine, the appellant, for an assessment, alleged to be due by her, as a member and policyholder.

The issue raised by this appeal is that, the failure of the company to attach copies of its application, constitution, by-laws, and other rules referred to in the policy, as a part of the policy, precluded the levy and collection of an assessment levied against the policyholder. This, being contrary to the Act of May 17, 1921, P. L. 682, Art. III, Sec. 318, 40 PS §441, which provides: "All insurance policies, issued by stock or mutual insurance companies or associations doing business in this State, in which the application of the insured, the constitution, by-laws, or other rules of the company form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant, or the constitution, by-laws, or other rules referred to; and, unless so attached and accompanying the policy, no such application, constitution, or by-laws, or other rules shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application, constitution, by-laws, or other rules be considered a part of the policy or contract between such parties. 1921, May 17, P. L. 682, Art. III, §318."

It should be noted that this act provides when the application, constitution, by-laws and rules are considered a part of the policy and when they may be introduced as evidence in the proof of a claim. It does not provide that the failure to attach the necessary articles made the policy void or released the parties from any liability based on other provisions included in the policy or fixed by statute.

The assessment in this case was made, after hearing, by a decree of the Dauphin County Court. See *Com. ex rel. Robert E. Woodside v. Seaboard Mutual Casualty Company*, 86 D. & C. 326. No appeal was taken from this order.

The plaintiff appellee relied for proof of his claim on the following provision of the policy. "The insured agrees to be bound by all the provisions of the By-laws of the company in force at the time this policy is issued, or that may become in force during the continuance of the policy, to which By-laws reference is had and which are taken to be incorporated herein; and shall be entitled to such dividends as may be declared by the Board of Directors; *and agrees to pay in addition to the cash premium herein provided for, such sums as may be assessed by the Board of Directors not to exceed an amount equal to and in addition to the deposit premium herein contracted to be paid."* (Emphasis ours) There was no necessity to rely upon any of the provisions of the application, constitution, by-laws and other rules of the company and no effort was made to introduce any of such provisions into evidence to support the claim.

A mutual insurance company is a co-operative enterprise wherein policyholders, as members, are both insurer and insured. Upon insolvency of the company the policyholders as members are liable for their proportionate share of indebtedness. *Com. ex rel. Chid-*

*sey v. Keystone Mut. Cas. Co.*, 366 Pa. 149, 152, 76 A. 2d 867 (1950). The Act of May 17, 1921, P. L. 682, Art. III, Sec. 808, 40 PS §918 provides: "A mutual insurance company, other than a mutual life company, not possessed of assets at least equal to the unearned premium reserve and other liabilities, shall make an assessment upon its members liable to assessment to provide for such deficiency. Such assessment shall be against each member in proportion to such liability as expressed in his policy . . .".

In a somewhat analogous situation where the action was brought under the Act of Assembly authorizing exchange, reciprocal or inter-insurance contracts, Act of May 17, 1921, P. L. 682, 40 PS §961-970, as amended, April 9, 1929, P. L. 464, 40 PS §964, where a subscriber to an exchange contract was placed under a contingent liability to pay a sum equal to not less than one additional premium or deposit charge, it was held that such payment can be enforced where necessary to meet the exchange's liabilities, even though the subscriber's policy provided that it was non-assessable. *Com. ex rel. v. Keystone Ind. Exchange*, 335 Pa. 333, 6 A. 2d 821 (1939). Provisions in such policies prohibited by or inconsistent with the statute are nugatory. *Com. ex rel. Schnader v. Keystone Ind. Ex.*, 338 Pa. 405, 11 A. 2d 887 (1940).

We agree with the court below that the assessment liability of this policyholder of a mutual insurance company was clearly set forth in the policy itself, as well as being fixed by the statute.

Judgment affirmed.

Woodside, J., took no part in the consideration or decision of this case.