AUDREY R. KELLY, as Insurance Commissioner of the Commonwealth of Pennsylvania, as Statutory Liquidator of General Mutual Fire Insurance and Reinsurance Company (Dissolved), Respondent, *v.* SIDNEY BREMMERMAN, Appellant.

Fourth Department, June 25, 1965.

*Pinsky, Canter & Pinsky* (*Philip C. Pinsky* of counsel), for appellant.

*Rodwin & Rodwin* (*Richard Rodwin* and *Harry Rodwin* of counsel), for respondent.

WILLIAMS, P. J. Plaintiff, the Insurance Commissioner of the Commonwealth of Pennsylvania, sues as the statutory liquidator of the General Mutual Fire Insurance and Reinsurance Company, which was dissolved by a Pennsylvania court order on November 2, 1951. The order directing the plaintiff to liquidate the business and affairs of the insolvent company provided that plaintiff should be vested by operation. of law with title to, and should take possession of, all property, contracts and rights of action of the company. That order further provided that all persons having claims against the company should file proofs of claim with the plaintiff no later than May 1, 1952 or be barred as to any assets in the custody of the liquidator.

On May 10, 1958, the Court of Common Pleas of Dauphin County, Pennsylvania, ordered an assessment against each member of the company who held a policy during the period of insolvency which was determined to be from December 22, 1947 to November 1, 1951. It appears that no assessment had been levied by the company during that period, although at least a tentative assessment could have been made.

The defendant, a New York resident at all times relevant to this proceeding, was an insured under two policies issued by the company, one extending from September 19, 1949 to September 19, 1950 and the other from September 19, 1950 to September 19, 1951. This plenary action to collect the assessment levied upon these policies was not commenced in the Supreme Court of this State until July 8, 1963. Summary judgment in the amount of $1,711.11, including $436.40 in interest from May 10, 1958, has been entered against the defendant in the court below.

It is well established that an assessment order may subject a member of a mutual company to liability for his share of the assessment despite the fact that he was not a party to the assessment proceeding. (*Pink* v. *A. A. A. Highway Express,* 314 U. S. 201.) Moreover, the full faith and credit to which the Pennsylvania decree is entitled precludes review in this court of the necessity for the assessment and the amount thereof. (*Ibid.*) However, the order of assessment is an adjudication in rem only and in a proceeding to reduce it to an in personam judgment all personal defenses to the alleged obligation may be asserted. (*Great Western Tel. Co.* v. *Purdy,* 162. U. S. 329; *Stone* v. *Penn Yan, Keuka Park & Branchport Ry.,* 197 N. Y. 279.)

In opposition to the plaintiff's motion for summary judgment and in support of his own motion for judgment, the defendant stands upon the provisions of his policies which state that " The liability to premium calls on this policy is limited to an amount

not to exceed one time the premium written in this policy. Any such additional premium, as so limited, shall be levied within one year from the date of expiration or cancellation of this policy, and not later." In our opinion, this provision of the policy bars the plaintiff from levying an assessment against the first policy, which expired September 19, 1950, more than one year prior to the order of dissolution.

The plaintiff's right to levy an assessment arises from the contract of insurance. (*Taggart* v. *Graham,* 108 Pa. Super. Ct. 320, affd. 315 Pa. 438; *Smith* v. *Constantine,* 187 Pa. Super. Ct. 516; *Stone* v. *Penn Yan, Keuka Park & Branchport Ry.,* 197 N. Y. 279, *supra.*) Section 918 of the Pennsylvania Insurance Law (Purdon's Pa. Stat. Ann., tit. 40, § 918) provides that a mutual insurance company whose assets do not equal its unearned premium reserve and other liabilities " shall make an assessment upon its *members liable to assessment* to provide for such deficiency. Such assessment shall be against each member *in proportion to such liability as expressed in his policy.*" (Emphasis added.) The statutory authorization for the appointment of the plaintiff Insurance Commissioner as liquidator provides that the Commissioner " shall be vested by operation of law with title to all of the property, contracts, and rights of action of such company  *  *  *  as of the date of the order so directing him to liquidate." (Purdon's Pa. Stat. Ann., tit. 40, § 206.) Thus the liquidator succeeded to all the rights of the company as of the date of the order of liquidation, but she acquired no additional rights from the statute or the order.

While it does not appear officially that the courts of Pennsylvania have reviewed the validity of a policy provision such as is presently before us, the Insurance Commissioner is authorized by statute to disapprove provisions which are inconsistent with Pennsylvania's system for regulating insurance companies (Purdon's Pa. Stat. Ann., tit. 40, § 914). This power was not invoked to prevent the inclusion of the provision here in question. Indeed, it is apparent that the limiting clauses were approved by the Commissioner.

Because of the factual distinctions between *Beha* v. *Weinstock* (247 N. Y. 221) and the present case, the plaintiff's confidence in that authority is misplaced.

And, finally, as is stated in *Pink* v. *A. A. A. Highway Express* (314 U. S. 201, 209, *supra*), this court is " free to interpret the obligation of the policy as limited to those stipulations expressed on its face and as excluding any stipulation for membership or for liability to assessment which the contract did not mention."

We conclude that inasmuch as defendant's liability for assessment under the first policy had expired before the order of liquidation was entered, he is entitled to partial summary judgment dismissing the complaint insofar as it seeks to impose liability under that policy. (See *Swing* v. *Mooney,* 139 App. Div. 821.)

As to that portion of the cause of action based upon the second policy, we hold that inasmuch as the company had the right to levy an assessment against this policy at the time the order of liquidation was entered, that right was preserved to the liquidator. Issues of fact are presented, however, which require a trial. Defendant urges that this action, commenced nearly 11 years after his liability for assessment would have expired under the terms of the contract here sued upon and 12 years after the order of liquidation, has been unreasonably delayed. We recognize that the liquidation of an insurance company cannot reasonably be expected to be accomplished within the period limited by the contract for the levying of an assessment (see *Beha* v. *Weinstock,* 247 N. Y. 221). We are also cognizant of the cases which hold that the Statute of Limitations begins to run from the date of the order of assessment. (*Swing* v. *Engle,* 143 App. Div. 181; *Conway* v. *North Side Lbr. Co.,* 141 Misc. 231; *Conway* v. *Plank,* 136 Misc. 403.) However, inasmuch as this plaintiff could by her own conduct have established the date of the commencement of the period of limitations it was her duty to act with reasonable expedition to avoid unnecessary delay. (*Matter of Furey* v. *Graves,* 148 Misc. 785, affd. 241 App. Div. 897, affd. 266 N. Y. 415; 6 Williston, Contracts [Rev. ed., 1938], § 2041.) In such cases, the time within which the action must be commenced is computed " from the time when the right to make the demand is complete ". (CPLR 206. See, also, *Classen-Smith* v. *National City Bank,* 290 N. Y. 70; *Tillman* v. *Guaranty Trust Co.,* 253 N. Y. 295.) While it is proper to apply New York law to this question (*Great Western Tel. Co.* v. *Purdy,* 162 U. S. 329), we note that Pennsylvania follows the common-law rule that where the timing of a demand necessary to the institution of an action is within the control of the plaintiff, it must be made within a reasonable time. (*Bell* v. *Brady,* 346 Pa. 666.) The cases of *Freeman* v. *Rogal* (351 Pa. 266) and *Freeman* v. *Brady* (352 Pa. 249) are not here applicable because they dealt with a liability arising out of statute as opposed to one in contract. (See *Neel* v. *Williams,* 158 Pa. Super. Ct. 478.) We are not in accord with the reasoning of *Neel* v. *Oliver Estate* (353 Pa. 195) in this respect.

In view of the fact that the insurance company and the defendant contracted that defendant would be subject to an assessment for the period of only one year following the expiration of his policy, the extension of his liability for an additional period to facilitate liquidation imposed upon the plantiff the obligation of conducting the liquidation with reasonable diligence. As we have stated, the order of liquidation provided that no claims against the insolvent company could be filed later than May 1, 1952. Thus the maximum potential liability of the company could have been ascertained as of that date. If we accept the affidavit of plaintiff's counsel (in fact, we have not been favored with an affidavit by the plaintiff or someone in authority) the assets of the company consisted of cash, agents' balances, bonds, office furniture, and books and records. Of these, the affidavit concludes that the bonds proved worthless and the office furnishings were sold at distraint sale to satisfy a lien for unpaid rent. Thus, it would appear that the extent of the assets, or at least a fair approximation thereof, could also have been determined with reasonable promptness. Nevertheless, six years elapsed between the last date for filing claims and the entry of the order of assessment. The affidavit contains no explanation of this delay. The defendant may have been seriously prejudiced by this long and unexplained delay, for the amount of the assessment was determined by multiplying the actual losses of the company by 300% '' to provide for uncollectible assessments and liquidation expense ''. Defendant is, therefore, entitled to have the period of limitation calculated from the date when the plaintiff could reasonably have obtained a court order of assessment.

The answer and the affidavits submitted to the court below raise a further issue with respect to the legality of the contract of insurance. It is conceded by the plaintiff that the insolvent company was never licensed to do business in New York. The plaintiff contends that the contract with the defendant, who was at all times a New York resident, was executed in Pennsylvania. The question is, however, whether the insurance company was actually doing an insurance business in New York without complying with this State's licensing requirements. (*Hoopeston Co.* v. *Cullen*, 318 U. S. 313; *Stone* v. *Penn Yan, Keuka Park & Branchport Ry.*, 197 N. Y. 279.) The New York Insurance Law specifically prohibits any company of this type from doing an insurance business in this State unless authorized to do so by a license issued by the Superintendent of Insurance. (Insurance Law, § 40.) If it should be determined factually that the contract was in violation of this statute, the assessment order

352

would be unenforcible. (*Swing* v. *Dayton*, 124 App. Div. 58, affd. 196 N. Y. 503; *Swing* v. *Wanamaker*, 139 App. Div. 627.)

We conclude, therefore, that the judgment appealed from should be reversed. Judgment should be granted in favor of defendant insofar as the first policy is concerned, and a trial of the factual issues should be had to determine whether the defendant is liable under the second policy.

GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed, with costs to the appellant and judgment granted in accordance with the opinion.