## SWING v. MOONEY.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. JUDGMENT (§ 818*)—FOREIGN JUDGMENTS—EFFECT.

A foreign decree, in an action by an Attorney General to dissolve an insolvent mutual insurance company, fixing the liability of defendant who was not served with process and did not appear, was not binding on the courts of the state, in an action by the trustee of the creditors of such company to enforce payment of such liability.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1459–1465; Dec. Dig. § 818.*]

2. JUDGMENT (§ 818*)—FOREIGN JUDGMENTS—ACTIONS—DEFENSES.

In such action defendant might show that under the laws of the foreign state he was not liable for the assessment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. § 818.*]

3. JUDGMENT (§ 818*)—FOREIGN JUDGMENT—ACTION—DEFENSES.

In such action defendant was entitled to prove that under the by-laws of the company he was not liable for assessments for losses or indebtedness beyond the amount of his premium notes or cash premium, and that he did not make any deposit or deliver any premium note to the company.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. § 818.*]

Appeal from Special Term, Erie County.

Action by James B. Swing, as trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati (formerly a corporation), against James Mooney, impleaded with George Brisbane. From an interlocutory judgment overruling a demurrer to certain defenses set up in the answer, plaintiff appeals. Affirmed.

The action was commenced on the 16th day of July, 1907, by James B. Swing, as trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati, a corporation created and which existed under the laws of the state of Ohio, to recover certain assessments claimed to be due and owing by these defendants. The defendant Brisbane was not served in this action and has not appeared therein. The defendant Mooney served an amended answer to the complaint, setting up various alleged defenses, which were numbered 1 to 6, both inclusive. The plaintiff interposed a demurrer to the third, fourth, and sixth of said alleged defenses on the ground that they were each insufficient in law to constitute a defense. The demurrer to each of such defenses was overruled, with costs, with leave to the plaintiff within 20 days to withdraw said demurrer and plead over upon payment of costs. Interlocutory judgment was entered accordingly, and from such judgment this appeal is taken.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Martin Clark, for appellant.
Warren Tubbs, for respondent.

McLENNAN, P. J.   It is alleged in the complaint, in substance, that the Union Mutual Fire Insurance Company of Cincinnati was incorporated under the laws of Ohio in May, 1887, and that during the years 1888, 1889, and 1890 it was doing business under and by virtue of such incorporation.   It is alleged that the laws of Ohio in force during said last-named years pertaining to mutual fire insurance companies provided, among other things, as follows (section 3650 of the Revised Statutes of Ohio):

"Every person who effects insurance in a mutual company, and continues to be insured, and his heirs, executors, administrators and assigns shall thereby become members of the company during the period of insurance, shall be bound to pay for the losses and such necessary expenses as accrue in and to the company in proportion to the original amount of his deposit note or contingent liability."

And that section 3634 of the Revised Statutes of Ohio in force during said years pertaining to said and similar mutual insurance companies provided as follows:

"Such contingent liability shall not be less than three nor more than five annual cash premiums as written in the policy, but such liability shall cease at the expiration of the time for which a cash premium has been paid in advance, except for liability incurred during said time."

It is alleged that the defendants, George Brisbane and James Mooney, were during the year 1890 partners doing business under the firm name of Brisbane & Mooney, and as such firm received and accepted from the said insurance company its policy of insurance No. 4,117 for $2,500, issued by said insurance company on the property of said firm against loss by fire and lightning; that said policy was held by said firm in force for said sum from April 1, 1890, to December 19, 1890; that the agreed annual premium thereon was $87.50.

It is further alleged in the complaint, in substance, that between said days, to wit, the 1st day of April, 1890, and December 19, 1890, and while the defendants held a policy of insurance in said insurance company, it became insolvent and unable to pay its debts, and that in an action brought on the relation of the Attorney General of the state of Ohio against said insurance company and on the 19th day of December, 1890, a decree was duly made by the Supreme Court of Ohio which adjudged said insurance company to be insolvent and unable to pay its debts, and a judgment dissolving such corporation was thereupon duly entered, and by said judgment the plaintiff was duly appointed as trustee for the creditors of such corporation, and was authorized and empowered thereby to commence action and to take all proper and necessary proceedings to collect all assessments which the policy holders of said insurance company because of its insolvency became liable to pay, and which judgment or decree so made by the Supreme

Court of Ohio did determine the amount of assessment which all policy holders situate as are the defendants became liable for.

Assuming that the decree made by the Ohio Supreme Court correctly determined the principle applicable to the making of assessments against policy holders situate as are the defendants, the amount of the same became simply a matter of mathematical computation, and the amount of the assessment which the defendants became liable to pay is correctly stated in the complaint at the sum of $308.75, for which sum judgment is demanded against the defendants, with costs.

It is also alleged that after the making and entry of the decree by the Supreme Court of the state of Ohio the defendants were and on or about April 27, 1907, duly notified according to law by said trustee to pay said assessment not later than 30 days thereafter, but that said defendants refused to pay, and have paid, no part thereof.

The complaint as thus framed, and which assumed to state the plaintiff's cause of action, was answered by the defendant Mooney. The defendant Brisbane, not having been served, did not appear or answer. The defendant Mooney by his answer first admits that he refuses to pay and has not paid any part of said alleged assessment. He denies that the said defendant George Brisbane and himself were during the year 1890 or at any other time partners doing business under the firm name of Brisbane & Mooney or otherwise; and, as to each and every other allegation in the complaint contained not thereinbefore specifically admitted or denied, defendant denies that he has any knowledge or information sufficient to form a belief.

Then for a defense, which he numbers "first," the defendant alleges that this action was not commenced within six years from the time the pretended cause of action accrued; and for a further defense, numbered "second," he alleges that the action was not commenced within 10 years from the time said pretended cause of action accrued. For a defense, numbered "third," but not alleged as a separate and distinct defense, the defendant alleges that he was not served with any summons, subpœna, or other process, nor did he appear in the alleged action concluded between the Attorney General of the state of Ohio and the Union Mutual Fire Insurance Company of Cincinnati, wherein it is alleged a decree of dissolution and assessment set out in full in the complaint was made, and whereby it is stated in the complaint this defendant's liability and the amount thereof is fixed.

Such alleged defense, numbered "third," is demurred to upon the ground, as above stated, viz., that it is insufficient in law upon the face thereof to constitute a defense to plaintiff's alleged cause of action. Clearly, such alleged defense would be insufficient as matter of law to enable the defendant to contest the title of the plaintiff and his right to sue in this action, notwithstanding he was not made a party in the action brought in the Supreme Court of the state of Ohio on the relation of the Attorney General to dissolve such corporation on the ground of insolvency; but we think he was entitled by such defense numbered "third" to litigate in this action the question as to his liability and the amount thereof as fixed by the decree.

In the case of Howarth v. Angle, 162 N. Y. 179, 188, 56 N. E. 489,

492, 47 L. R. A. 725, Judge Vann, in writing the opinion of the court said:

"The. stockholders, however, may controvert in our court all the essential facts, such as insolvency, the amount of the deficiency and the like, whether they are established by the judgment appointing the receiver or not. They may require strict common-law proof as to all the facts upon which the deficiency is based, and may contest any unreasonable expenditure in the conversion of assets and the collection of accounts. * * * "

In the case at bar, if we may assume that the defendant could not question the decree of the Ohio court so far as it adjudged the insolvency of the insurance corporation, we think under the authority cited it is clear that its decision or decree fixing the defendant's liability and the amount thereof is not binding upon the courts of this state, and, therefore, as to such portion of the answer the demurrer was properly overruled.

The defense numbered "fourth" in the answer, which is also demurred to, involves only practically the question as to whether the courts of this state can review a decision of the Supreme Court of the state of Ohio involving the interpretation or construction of the statutes of such state, by which construction it is sought to establish a liability against a citizen of this state; he not having been made a party or given opportunity to be heard in the action brought in such foreign state. It is unnecessary upon this demurrer to discuss the various provisions of the Ohio statutes which it is claimed do or do not fix the defendant's liability because of the fact, as alleged, that he was a policy holder in such Ohio corporation. We hold that it is competent for the defendant as a defense to show that under the laws of the state of Ohio, which must be proven upon the trial, he was not liable for the assessment which it is sought to recover against him. Great Western Tel. Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986; Howarth v. Angle, supra; Swing v. Red River Lumber Company, 105 Minn. 336, 342, 117 N. W. 442, 445. In the latter case cited, which was an action brought by this plaintiff to enforce an assessment made by the decree here in question, it was said:

"The decree was ex parte as respects the defendant; it having been made without notice to the defendant. The decree, then, the court having jurisdiction of the corporation, was conclusive as to all matters relating to the necessity for and the amount of the assessment; but it is not conclusive as to the question whether the contract relations of an alleged member of the company were such as to subject him to liability for the assessment. It did not, nor could it, deprive a member of the company of any defense going to show that he was not liable to be assessed for the losses of the company."

The defendant has alleged in his fourth defense that the statutes of Ohio therein pleaded pertain to and control the organization and conduct of business of the insurance company and the liability of its policy holders during all the period in which the defendant was a policy holder. The plaintiff's contention is that the liability of policy holders in said company was fixed by an amendment to such statute effective July 1, 1888, subsequent to the organization of the insurance company and prior to the time when the defendant became

a policy holder. The defendant, however, alleges that by the amended act it was provided:

"That said sections shall remain in force as to all mutual companies now doing business, which do not elect to reorganize under the said sections as amended by this act."

It is not claimed by the plaintiff that there was such a reorganization, and it is unnecessary to discuss the point raised by the appellant that the Legislature of a state has the right to make laws regulating the liability of the members of an insurance company after that company has been incorporated, for the reason that the amended law expressly provided that it should only apply to such companies as elected to reorganize under the amended statute.

For these reasons we think the demurrer to the "fourth" alleged defense was properly overruled.

The defense numbered "sixth," which is also demurred to, is to the effect that the by-laws of the insurance company in force during the time the defendant was a policy holder provided, in substance, that no policy holder of the insurance company should be liable for losses or expenses or for any indebtedness of the company in any amount except to the extent of the premium notes given by him or beyond the amount of cash premium paid by the policy holder under a non-assessable policy issued for a term of less than five years.

The defendant further alleges that he never became liable for losses because he did not, as required by the by-laws, make or deliver to said company any deposit or premium note for any amount.

Our conclusion is that the defense numbered "sixth" in defendant's answer is not demurrable, because if he proves the facts therein alleged he is not liable for the assessment alleged to have been made against him because of the decree of the Supreme Court of the state of Ohio. In other words, that under such defense it is competent for him to prove that under the laws of the state of Ohio, and under the by-laws adopted under such laws by the insurance company, he was not liable for an assessment in the manner provided by the decree.

Our conclusion of the whole matter is to the effect that the third alleged defense demurred to is good in so far as the defendant may be able to prove that the assessment against him decreed by the Supreme Court of the state of Ohio is inaccurate and prejudicial to him; that the fourth defense demurred to is good for the reason that it is competent for the defendant to prove that the laws of the state of Ohio, under which he became a member of the Union Mutual Fire Insurance Company of Cincinnati as a policy holder, did not impose upon him the liability of a contingent assessment or a liability imposed by the decree of the Supreme Court of the state of Ohio; that the defense numbered "sixth" in the answer is good for the reason that it pertains to the relation of the policy holder to the company; and that the decision of the Ohio Supreme Court did not and could not pass upon such liability without making the defendant a party to the action.

It follows that the interlocutory judgment should be affirmed, with costs, with leave to the plaintiff to plead over within 20 days upon payment of the costs of the demurrer and of this appeal.

Interlocutory judgment affirmed, with costs, with leave to the plaintiff to plead over within 20 days upon payment of the costs of the demurrer and of this appeal. All concur.