### SWING v. ENGLE.

(Supreme Court, Appellate Division, Fourth Department. February 1, 1911.)

1. JUDGMENT (§ 822*)—CONCLUSIVENESS—PARTIES CONCLUDED.

A judgment of the Supreme Court of a sister state dissolving a mutual fire insurance company organized under the laws of that state, and appointing a trustee for the creditors and stockholders, directing him to collect assessments made against the policy holders, while conclusive as to the necessity and amount of the assessments, is not conclusive as to the liability of a policy holder who was not a party to the proceedings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1496–1500; Dec. Dig. § 822.*]

2. PLEADING (§§ 121, 367, 428*)—ANSWER—DENIAL—SUFFICIENCY.

A denial in an answer, concluding with the statement "avers that, as to the other material allegations in said complaint, he has not any knowledge or information thereof sufficient to form a belief," is not good pleading, it leaving the question open as to what allegations the pleader regards material; but the remedy is by motion to make the answer more definite and certain, and such denial should not be disregarded and defendant's evidence excluded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248, 1173–1193, 1433–1436; Dec. Dig. §§ 121, 367, 428.*]

3. LIMITATION OF ACTIONS (§ 183*)—AMENDMENT—ANSWER.

Though a plea of limitations in an answer, instead of alleging that the cause of action had not accrued within six years prior to the commencement of the action, insufficiently alleged that defendant did not undertake or promise to pay the claim within that time, yet, as plaintiff was not misled thereby, a motion to amend the answer should have been granted.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 183.*]

Appeal from Trial Term, Erie County.

Action by James B. Swing, trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati, against Albert A. Engle. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Parton Swift, for appellant.
Martin Clark, for respondent.

KRUSE, J. The action is brought to recover upon the defendant's liability as a policy holder in a mutual fire insurance company organized under the laws of the state of Ohio.. The Supreme Court of that state dissolved the corporation, appointed the plaintiff a trustee for the creditors and stockholders, and directed him to collect the assessments made against the policy holders. While the judgment of the Ohio court is conclusive as to the necessity and amount of the assessment, it is not as to the defendant's liability, since he was not a party to the proceedings in the Ohio court. Swing v. Mooney, 139 App. Div. 821, 124 N. Y. Supp. 545.

The defendant challenges his liability and contends that if there ever was any it is barred by the statute of limitations. He attempted to put in issue the material allegations of the complaint as well as to plead the statute of limitations. Strictly he did neither. The first answer, after making certain admissions and averments, concludes with the statement: "Avers that, as to the other material allegations in said complaint, he has not any knowledge or information thereof sufficient to form a belief." Such a denial is not good pleading. It necessarily leaves the question open as to what allegations the pleader regards material. But, while the defendant could have been required to make his answer more definite and certain upon a motion made for that purpose before trial, I think the denials, although not strictly in proper form, should not have been disregarded and the defendant's evidence excluded. Thompson v. Wittkop, 184 N. Y. 117, 76 N. E. 1081.

Furthermore, the plaintiff did not stand upon the insufficiency of the denials in the answer, but proceeded to prove his case; and in any event, if necessary, the defendant should have been permitted to amend his answer.

The defendant sought to show that the Ohio statute, upon which the plaintiff bases his claim, does not apply to the defunct corporation, and that no liability exists against him under the statute as it was when the insurance company was organized. The plaintiff was beaten upon that ground in a similar action brought in the state of Minnesota (Swing v. Red River Lumber Company, 105 Minn. 336, 117 N. W. 442); but whether the defendant should ultimately succeed upon that ground in this action need not now be determined, as he was not permitted to make his proof upon that question. The original statute under which the corporation was organized seems to have been amended and provision made for corporations organized under the original statute to reorganize under the amended statute. Whether the corporation was so reorganized does not appear. Under the original statute the policy holder's personal liability depended upon his making premium notes which were held to meet his contingent liability. Under the amended statute no such notes were required to make the policy holders liable. It does not appear that the defendant made such a note. If he did not, and the company was not reorganized, there would seem to be no liability; but, as has been said, that question need not now be decided until all the proof has been made.

As regards the statute of limitations: The defendant, instead of alleging that the cause of action had not accrued within six years prior to the commencement of the action, alleged that the defendant did not undertake or promise to pay the claim within that time. I think this defense was insufficiently pleaded, but the plaintiff was not misled thereby, and the motion to amend the answer should have been granted.

There are other questions raised; but it is not necessary to consider them, as the views expressed necessarily result in a new trial.

It may, however, be proper to suggest that the transcript of the proceedings of the Ohio court is not as complete and full as it should be. Among other things, the complaint or petition upon which the suit or proceeding is founded is not included, and it is not entirely clear whether the judgment was rendered in 1891 or in 1901. The plaintiff was defeated in a similar action in the state of Arkansas and the deficiencies in the transcript by which the Ohio judgment was sought to be established pointed out by the Supreme Court of Arkansas. Swing v. St. Louis Refrigerator & Wooden Gutter Co., 78 Ark. 246, 93 S. W. 978, 115 Am. St. Rep. 38. The evidence upon that question should not be left doubtful and uncertain.

The record is also silent as to whether there was any by-law of the corporation concerning the publication of notice of assessments, as is provided by the original act as well as the amendatory act; or whether any other notice than that mailed to the defendant was given. That fact may have an important bearing upon the question of the statute of limitations.

The judgment and order should be reversed, and a new trial granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.

SPRING and ROBSON, JJ., concur.

McLENNAN, P. J. (concurring). This is an appeal by the defendant from a judgment of the Supreme Court, entered in favor of the plaintiff, in the office of the clerk of Erie county on the 24th day of March, 1910, upon a direction of a verdict by the court, at the close of all the evidence, for the sum of $498.19 damages and costs. The action is brought to recover upon the defendant's alleged contingent liability as a policy holder in a mutual fire insurance corporation, organized under the laws of the state of Ohio, and dissolved by a judgment of the Supreme Court of that state; the plaintiff having been appointed trustee for the creditors and stockholders by the judgment of dissolution. A similar case, brought by the same plaintiff, was considered recently by this court. Swing v. Mooney, 139 App. Div. 821, 124 N. Y. Supp. 545. We there held that, while the decree of the Ohio court is conclusive as to the necessity and amount of the assessment, it is not as to the liability of a policy holder who was not made a party to the proceedings in the Ohio court.

On September 1, 1889, the insurance company issued a policy of insurance to the defendant, insuring him for one year to the extent of $2,000 against loss by fire or lightning to certain property situate within this state. The premium was stated to be $60 and was paid by the

defendant. On September 1, 1890, a similar policy for a like premium, upon the same property, was issued to the defendant. The judgment of ouster and dissolution of the insurance company and the appointment of the plaintiff as trustee was made December 18, 1890, and on December 19, 1890, the trustee canceled the policy last above named. On the 11th day of June, 1901, the Ohio court made a decree, after an accounting had been had, of the assets and unpaid liabilities and expenses, declaring the policy holders liable for the deficiency and making an assessment against them, fixing the amount of such assessment, and directing the trustee to sue and collect the full assessments by suit 30 days after due notice and demand to the respective policy holders. On September 12, 1904, the plaintiff demanded payment, but the defendant refused to pay the amount of his assessment, which was $257.96.

The defendant claims that the court erred in refusing to allow him to prove that the claim of the plaintiff was barred by the statute of limitations and in denying the defendant's motion to amend the answer on the trial in that respect. The court refused to allow the defendant to make such proof for the reason that the statute is not sufficiently pleaded in the answer. The defendant attempted to plead the statute in his answer as follows:

"That the plaintiff ought not to have or maintain this action against him because he did not at any time within six years next preceding the commencement of said action undertake or promise to pay the said plaintiff or the Union Mutual Fire Insurance Company of Cincinnati, represented by him, in the manner and form set forth in said complaint or in any other manner or form whatsoever."

I think this pleading was sufficient. It was sufficient to apprise the plaintiff of defendant's claim in that regard, and, in any event, I think the trial court should have allowed the defendant to amend upon the trial, if the court deemed the phraseology technically incorrect. The defendant bases his claim to defense under the statute of limitations upon the fact that the plaintiff's cause of action is based upon the decree of the Ohio court, which was entered on June 11, 1901; that by the terms of the decree the trustee is ordered to sue for and collect the full assessments made in accordance therewith, without rebate, when 30 days have elapsed after due notice thereof has been given to the respective policy holders; that the present action was commenced on July 11, 1907. The defendant therefore claims that the action was not commenced within six years after the right to commence the same accrued, and he relies upon section 410 of the Code of Civil Procedure, which provides:

"Where a right exists, but a demand is necessary to maintain an action, the time, within which the action must be commenced, must be computed from the time when the right to make the demand is complete."

I think the defendant is right in his contention. As we have seen, demand for payment was not made upon defendant by plaintiff until September 12, 1904. I think the statute commenced to run when the demand could have been made, which was the date of the entry of the decree of the Ohio court, and that the plaintiff by delaying the

making of the demand cannot keep his cause of action alive indefinitely. Howland v. Edmonds, 24 N. Y. 307.

The defendant also claims that the court erred in excluding certain copies of statutes of the state of Ohio and the by-laws of the insurance company offered in evidence by him. It appears from evidence offered by the plaintiff that the insurance company was incorporated under the laws of the state of Ohio on May 27, 1887; that by certain amendments to the statutes of Ohio which took effect July 1, 1888, a contingent liability was imposed upon all policy holders in mutual fire insurance companies in that state, which should be not less than three nor more than five annual cash premiums as written in the policy. The defendant, however, offered in evidence section 2 of the same amendatory act, which, referring to the amendments above mentioned by which a contingent liability was imposed upon policy holders, provided that such amended sections, specifying them, should not affect companies then doing business on the premium note plan, unless they elect to dispense with said notes and embody the contingent liability in the policy, and further provided that such sections should remain in force as to all mutual companies then doing business which should not elect to reorganize under the said sections as amended by this act. The defendant also offered in evidence the sections of the Ohio statutes as they existed before the amendments which took effect July 1, 1888. The defendant contends that under the law as it existed before the amendments no contingent liability was imposed upon policy holders; that they were only liable in case they gave premium notes as provided by the then existing laws; and that, if such statutes had been received in evidence, it would then have placed upon the plaintiff the burden of proof of showing that his company did reorganize under the amended act, otherwise no liability against the defendant was ever created. We think the defendant is right in his interpretation of the meaning of the statutes referred to, and that they were very material as bearing upon the plaintiff's alleged cause of action.

The trial court, however, excluded such statutes from evidence for the reason that there was no general denial of defendant's liability, to which the defendant excepted. The allegation in defendant's answer was as follows:

"Denies that by accepting and holding said policies he became legally and equitably liable for any proportion of losses and expenses incurred by said insurance company during the time defendant held said policies, or that he became liable to pay assessments on any contingent liability or otherwise, and avers that, as to the other material allegations in said complaint, he has not knowledge or information thereof sufficient to form a belief."

I think this is a sufficient denial to enable the defendant to prove the laws of the state of Ohio in reference to the liability of policy holders in mutual fire insurance companies as such laws existed when he became a policy holder; and, in view of the fact that the insurance company was incorporated before the amended laws took effect, he was entitled to show the laws as they existed when the company was incorporated, it appearing by the amended laws that those laws would still control unless the company elected to reorganize under the

amended laws. No claim is made by the plaintiff that his company ever did so reorganize. I think the court committed reversible error in refusing to allow the defendant to prove the statutes offered by him.

Further, the defendant offered in evidence the by-laws of the plaintiff as they existed at the time he became a policy holder; but they were excluded by the court upon the same ground upon which the statutes offered were excluded. The defendant claims that such by-laws show that he was in no event liable for any assessment or contingent liability unless he gave a premium note. The by-laws offered were as follows:

"Section 1. The policies of insurance to be issued by the company shall be for the term of five years but the company may issue policies for any lesser term and such last-mentioned policies shall be known as and shall have printed upon them 'Short-Term Participating Policy.' But this company shall not be liable for any loss or damage to any property until the applicant for insurance thereon shall have deposited with this company an application in proper form, paid the cash premium thereon, and been duly notified by the secretary either by delivery of the policy of insurance therefor or in other form approved by the board, that the said application is approved and accepted by the company.

"Sec. 2. All policies for five years shall be conditioned upon receipt of a deposit or premium notes for such amount and payable to the company at such time or times and in such sum or sums as the board of directors shall require for the payment of losses and expenses. Such deposit notes shall continue in force during the life of the policies for which they were issued and shall be subject to assessment for losses and expenses and also to such further assessments as the directors may deem advisable to make for the purpose of forming a guarantee or reserve fund.

"Sec. 3. All policies for less than five years shall be issued upon the receipt by the company in cash of the premium for the term insured. Such policies shall be charged with their due proportion of all losses and expenses as shall accrue during the time they continue in force. At the expiration of the terms for which such policies are issued, or at their earlier cancellation by the assured, the policy holders shall be entitled to and shall receive a cash dividend of one-half the amount which shall remain unused of the premiums originally paid by them, the remaining half being deposited in the guarantee or reserve fund of the company.

"Sec. 4. No member shall be liable for losses or expenses or for any indebtedness of the company, in any amount except to the extent of the premium notes given by him."

I think the court erred in excluding these by-laws. They had a material bearing upon the relation of the policy holder to the company, and I think the allegations in defendant's answer were sufficient to allow such by-laws to be received in evidence. It is claimed, however, by the plaintiff that, even assuming that they should be received in evidence, they do not aid the defendant because they do not show that upon payment of the premium upon a short-term policy the policy holder was relieved from all further liability. I cannot agree with this contention. The force and effect of these same by-laws as applied to a short-term policy holder in this company were considered at length in a case brought by this plaintiff in the state of Minnesota (Swing v. Humbird, 94 Minn. 1, 101 N. W. 938), and I fully agree with the conclusion there reached. It is very concisely stated in the opinion of Start, C. J., in that case, as follows:

"Now, the defense made by the defendant in this case is not, as plaintiff seems to assume, that the company had not observed the provisions of the statute governing it, and therefore the defendants were not members of the company. But the defense is that by the terms of their contract with the company they were not liable for any assessment, or, in other words, that their policies were of the class which imposed no liability upon the holders thereof beyond the amount of the cash deposit required.

"It is clear that this contention is correct if the company did not, before the defendant's policies were issued, reorganize under the provisions of the amended statute. It may be conceded that the original statute did not in terms authorize the two classes of policies provided for in the by-laws of the company. The by-laws, however, are not inconsistent with the statute, for in the case of policies of the second class a deposit in cash for the entire premium for the full term was made, instead of a premium note for four-fifths of the premium. In accordance with section 3 of the by-laws we have quoted, the due proportion of such policies for all losses and expenses of the company during the time they are in force is to be charged against this cash deposit, and, if there is a surplus of the deposit left, policy holders are to receive back one-half thereof as a dividend. This by-law does not impose any liability on such policy holders beyond the amount of the cash deposit It was obviously intended to provide for a participation in the profits, if any there should be, by the policy holders of the second class, who deposited cash in lieu of premium notes. It would be manifestly unjust to assess or impose a contingent liability on such policy holders, when those who gave a premium note were not liable, except to the amount of the note. Hence section 4 of the by-laws was adopted, which provides that no member shall be liable in any amount, except to the extent of the premium notes given by him.

"The defendants made the cash deposit, but gave no premium note, as none was or could be required. It follows, upon the hypothesis stated, that they are not liable to assessment for the losses, for they paid and deposited in advance their full contribution therefor. On the other hand, the by-laws show upon their face that they were not adopted with reference to a reorganization of the company, for they are radically inconsistent with the requirements of the amended statute. The statute as amended requires that each applicant for insurance, other than a merchant or manufacturer, should agree in writing to assume a liability to be named in the policy, in a sum not less than three nor more than five annual premiums, and, further, that the company must, in its by-laws and policies, fix by a uniform rule the contingent mutual liability of its members at not less than three nor more than five annual cash premiums as written in the policy. Neither the by-laws nor the policies in this case comply with any of these provisions. The by-laws are only consistent with the purpose of the company not to reorganize under the amended statute, and, in connection with the policies issued after they were adopted, they tend strongly to show that there was no reorganization of the company."

It appears from the opinion just quoted that the defendants in that case took out their policies of insurance on October 1, 1889, one month later than the issuance of the first policy in question to the defendant in this action, and, as before stated, it was a similar policy, for a term of one year, for which a cash premium was paid in advance; so that the situation of the defendants in that case was precisely the same as that of the defendant in this case.

Other reasons are urged by the appellant for a reversal of the judgment, but I do not consider it necessary to discuss them, because I have reached the conclusion that for the reasons above referred to the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide event.

WILLIAMS, J., concurs.